IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JULIO CESAR BANDA RAMIREZ,<br><br>Petitioner,<br><br>vs.<br><br>GENE SAMUELSON, Phelps County Sherriff, in their official capacity, et al.,<br><br>Respondents. | 8:26-CV-535<br><br>ORDER |

The petitioner has filed a petition for a writ of habeas corpus, seeking immediate release from U.S. Immigration and Customs Enforcement custody in the Phelps County Jail in Holdrege, Nebraska, or in the alternative a custody redetermination and bond hearing. Filing 1. The petitioner was detained on August 12, 2026, and he alleges that his continued detention is unlawful. *See* filing 1 at 2; filing 8 at 4.

But the petitioner's transfer into ICE custody was his first contact with U.S. immigration authorities after his entry into the United States at an unknown time and place. *See* filing 1 at 6, 9-10; filing 8 at 3-4. He doesn't claim that, prior to his detention, he had been admitted or paroled into the country. *See* filing 1. Accordingly, this case presents a straightforward application of the Eighth Circuit's decision in *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026): The petitioner was "seeking admission" to the United States when detained, and is subject to detention without bond pursuant to 8 U.S.C. § 1225(b)(2)(A).

The petitioner asserts that his continued detention violates due process. *See* filing 1 at 7. This Court has held that under some circumstances, for some aliens who have entered into and established residence in the United States,

indefinite detention without a bond hearing pursuant to § 1225(b)(2)(A) violates due process. *Oporta v. Mullin*, No. 8:26-CV-363, 2026 WL 2224753 (D. Neb. Aug. 3, 2026). The petitioner's detention remains presumptively reasonable at this point. *Cf. Zadvydas v. Davis*, 533 U.S. 678, 701 (2001) (holding that the presumptive limit to reasonable duration of post-removal-period detention is six months).

IT IS ORDERED:

1. The petition for writ of habeas corpus is denied without prejudice to reassertion.

2. A separate judgment will be entered.

Dated this 28th day of September, 2026.

BY THE COURT:

John M. Gerrard
Senior United States District Judge